U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 MAY 13 PM 2: 43

CLERK
BY /AW
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 5:14-cr-45 |
| | ) |
| DEVIN RICHARDSON | ) |

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 72 & 85)

This matter came before the court for a review of the Magistrate Judge's March 28, 2016 Report and Recommendation ("R & R"). (Doc. 85.) Defendant Devin Richardson, proceeding *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his conviction and 48 month sentence on the grounds that the government's refusal to produce copies of three witnesses' grand jury testimony directly to him prevented him from adequately defending against the charges in the Superseding Indictment. (Doc. 17.) Neither party has filed an objection to the R & R, and the time to do so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his R & R, the Magistrate Judge explained that Defendant waived his non-jurisdictional challenges to the Superseding Indictment by pleading guilty, and noted that Defendant failed to file a direct appeal on the basis of ineffective assistance of counsel. The Magistrate Judge further observed that Defendant failed to show cause for this procedural default, demonstrate any resulting prejudice, or assert actual innocence. Accordingly, the Magistrate Judge recommended that the court deny Defendant's motion.

The Magistrate Judge also analyzed the merits of Defendant's claim, reviewing the transcript of the motion to withdraw hearing. He properly determined that, contrary to Defendant's assertion, the court had not ordered the government to provide Defendant with the requested transcripts, although the court indicated if Defendant requested this type of order, the court would consider that request.

At his change of plea, Defendant did not state that he needed the grand jury transcripts to make a decision, and he indicated under oath that he was satisfied with his attorney's representation. When the court asked if he had any questions about his plea agreement, he indicated that he did not. At sentencing, Defendant affirmed to the court that there were no factual errors in the Presentence Report ("PSR"). The Magistrate Judge opined that Defendant's statements during the change of plea hearing, the significant reduction in sentence from the Guideline range, and the extensive evidence of guilt that was disclosed to Defendant in the PSR supported the conclusion that Defendant's guilty plea was knowingly and voluntarily made.

Based on the foregoing, the Magistrate Judge properly concluded that Defendant failed to meet his burden of establishing by a preponderance of the evidence any claim advanced in his § 2255 motion. The court finds the Magistrate Judge's conclusions well-reasoned and consistent with the applicable law.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 85), DENIES Defendant's motion to vacate, and DISMISSES Defendant's § 2255 motion (Doc. 72).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 13th day of May, 2016.

Christina Reiss, Chief Judge
United States District Court